

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,121-02

### EX PARTE ANTONIO CHIMNEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 22-9640-W2 IN THE 12TH DISTRICT COURT
### FROM MADISON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction. *Chimney v. State*, 6 S.W.3d 681 (Tex. App.—Waco 1999). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is actually innocent and that trial counsel was ineffective because he failed to investigate and present evidence of an alternate shooter. As part of the record in writ number 90,121-01, which this Court dismissed as non-compliant in 2019, Applicant provided an affidavit from Roshaan Perry stating that he was the person who shot the victims in this case and that Applicant did not have a gun on the night of the incident. Applicant has alleged facts that, if true,

might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether, considering the totality of the circumstances, the common-law doctrine of laches bars equitable relief in this case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make findings of fact and conclusions of law as to whether there is new evidence sufficient to show that Applicant is actually innocent of this offense and whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   OCTOBER 05, 2022
Do not publish